Shon L. EDMOND, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–1012–CR–756.

Court of Appeals of Indiana.

July 14, 2011.

Suzy St. John, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

While conducting a traffic stop, an officer discovered that Shon L. Edmond was driving with only a learner's permit and without anyone accompanying him. Because the officer was going to tow Edmond's vehicle and because the officer smelled burnt marijuana coming from the

vehicle and from Edmond's breath, the officer asked Edmond to get out of the vehicle. The officer conducted a pat-down search and removed a bag of marijuana from Edmond's pocket. Edmond was charged with possession of marijuana. At his bench trial, Edmond moved to suppress the marijuana, contending that the search violated his rights under the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution. The trial court denied his motion, and Edmond was convicted of possessing marijuana. Because the officer had probable cause to arrest Edmond, the search was a valid search incident to arrest, and Edmond's constitutional rights were not violated. Therefore, we affirm.

### Facts and Procedural History

On March 23, 2010, Indianapolis Metropolitan Police Department Officer David Drennan initiated a traffic stop because he saw Edmond disregard a stop sign. Edmond pulled over immediately. When Officer Drennan approached Edmond's vehicle, he smelled a strong odor of burnt marijuana coming from Edmond's vehicle and breath. Officer Drennan checked Edmond's identification and learned that he had only a learner's permit. Edmond was not accompanied by licensed driver, so Officer Drennan issued a citation.[1]

Officer Drennan planned to have the vehicle towed, so he asked Edmond to get out of the vehicle. Edmond was polite and cooperative and did not make any furtive movements or threats. Officer Drennan conducted a pat-down search and felt a bulge in Edmond's pocket, which he believed to be marijuana. Officer Drennan removed a baggie containing material that was later confirmed to be marijuana.

Edmond was charged with possession of marijuana as a class A misdemeanor. Edmond's case was tried to the bench. During the trial, Edmond moved to suppress the evidence obtained from the pat-down. Officer Drennan testified that for officer safety, he conducts a search for weapons on any person who gets out of a car during a traffic stop. Officer Drennan stated that he also conducted a pat-down of Edmond due to the smell of marijuana. Officer Drennan asserted that, based on his training and experience, he believed that the bulge in Edmond's pocket was marijuana, but he acknowledged that he "couldn't be positive." Tr. at 17–18. The trial court denied Edmond's motion to suppress and found him guilty as charged. Edmond now appeals.

### Discussion and Decision

Edmond contends that the warrantless search of his person violated his rights under the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution and that the marijuana removed from his pocket should have been excluded. Our standard of review is well settled:

> Our standard of review of a trial court's determination as to the admissibility of evidence is for an abuse of discretion. *Smith v. State,* 754 N.E.2d 502, 504 (Ind. 2001). We will reverse only if a trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* We will not reweigh the evidence, and we consider any conflicting evidence in favor of the trial court's ruling. [*Collins v. State,* 822 N.E.2d 214, 218 (Ind.Ct.App.2005), *trans. denied* ]. However, we must also consider the uncontested evidence favorable to

---

1. Violating the provisions of a learner's permit is a class C infraction. Ind.Code § 9–24–7–6.

the defendant. *Id.* Although a trial court's determination of historical facts is entitled to deferential review, we employ a *de novo* standard when reviewing the trial court's ultimate determinations of reasonable suspicion and probable cause. *Myers v. State,* 839 N.E.2d 1146, 1150 (Ind.2005) (citing *Ornelas v. United States,* 517 U.S. 690, 695–99, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).

*Lindsey v. State,* 916 N.E.2d 230, 238 (Ind. Ct.App.2009) (footnote omitted), *trans. denied.*

### I. Fourth Amendment

■■■■■ The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.[2] *Burkes v. State,* 842 N.E.2d 426, 429 (Ind. Ct.App.2006), *trans. denied.* "Generally, the Fourth Amendment prohibits warrantless searches and seizures. When a search is conducted without a warrant, the State has the burden of proving that an exception to the warrant requirement existed at the time of the search." *Ratliff v. State,* 770 N.E.2d 807, 809 (Ind.2002) (citation omitted). There are two levels of police investigation that implicate the Fourth Amendment:

First, the Fourth Amendment requires that an arrest or detention for more than a short period be justified by probable cause. Probable cause to arrest exists where the facts and circumstances within the knowledge of the officers are sufficient to warrant a belief by a person of reasonable caution that an offense has been committed and that the person to be arrested has committed it. *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Second, it is well-settled Fourth Amendment jurisprudence that police may, without a warrant or probable cause, briefly detain an individual for investigatory purposes if, based on specific and articulable facts, the officer has a reasonable suspicion that criminal activity "may be afoot." *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Accordingly, limited investigatory stops and seizures on the street involving a brief question or two and a possible frisk for weapons can be justified by mere reasonable suspicion.

*Overstreet v. State,* 724 N.E.2d 661, 663 (Ind.Ct.App.2000) (some citations omitted).

Edmond concedes that he was validly stopped for a traffic violation, nor does he dispute that Officer Drennan had a valid basis for commanding him to exit his vehicle. *See Reinhart v. State,* 930 N.E.2d 42, 45 (Ind.Ct.App.2010) ("It is well settled that police officers may stop a vehicle when they observe minor traffic violations."). He also concedes that the smell of marijuana coming from his vehicle would have established probable cause to search the vehicle.[3] *See State v. Hawkins,*

---

**2.** The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The text of Article 1, Section 11 is essentially identical.

**3.** In his reply brief, Edmond argues that, although the odor of *unburned* marijuana would indicate the presence of marijuana, the odor of *burnt* marijuana merely indicates that marijuana was present at some time in the past. In support, he cites *People v. Hilber,* 403 Mich. 312, 269 N.W.2d 159, 162 (1978), in which the court held that the odor of burned marijuana did not supply probable cause for an arrest or search when the officer could not testify as to how long ago the marijuana had been burnt. However, the Michigan Supreme Court later rejected this distinction between the odors of burnt and unburned marijuana. *People v. Kazmierczak,* 461 Mich.

766 N.E.2d 749, 752 (Ind.Ct.App.2002) ("[W]e have no hesitation in deciding that when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle. That is true under both the Fourth Amendment of our federal constitution and under Article 1, Section 11 of the Indiana Constitution."), *trans. denied.* However, he argues that probable cause to search his vehicle does not extend to his person. *See United States v. Di Re,* 332 U.S. 581, 587, 68 S.Ct. 222, 92 L.Ed. 210 (1948) (after seeing one passenger holding counterfeit gasoline ration coupons, police arrested and searched all occupants of the car and found that Di Re also had counterfeit coupons in his pockets; the Supreme Court reversed his conviction stating, "We are not convinced that a person, by mere presence in a suspected car, loses immunities from search of his person to which he would otherwise be entitled."); *Wyoming v. Houghton,* 526 U.S. 295, 303, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999) (explaining that *Di Re* "turned on the unique, significantly heightened protection afforded against searches of one's person").

█ Edmond further argues that the pat-down search was not justified as part of the *Terry* stop. Because he was cooperative and made no furtive movements, Edmond argues the pat-down search was not justified by concern for officer safety. He also notes Officer Drennan's testimony that he normally pats down anyone who exits a vehicle during a traffic stop and argues that the officer's "[s]tandard practice is not a permissible reason to conduct a pat down." *Swanson v. State,* 730 N.E.2d 205, 211 (Ind.Ct.App.2000). In the alternative, Edmond argues that even if the pat-down was permissible, seizure of the marijuana was not justified by the "plain feel" doctrine because it was not immediately apparent that the bulge in his pocket was contraband.[4] Thus, Edmond argues that the search of his person was not supported by probable cause or reasonable suspicion.

The State argues that when Officer Drennan smelled marijuana on Edmond's breath, he had probable cause to arrest Edmond for possession of marijuana, and therefore, the search was permissible as a search incident to arrest. Probable cause to arrest exists when the officer has knowledge of facts and circumstances that would warrant a person of reasonable caution to believe that a suspect has committed or is in the process of committing a criminal act. *Jackson v. State,* 597 N.E.2d 950, 956–57 (Ind.1992), *cert. denied.* "The United States Supreme Court has held that once a lawful arrest has been made, authorities may conduct a 'full search' of the arrestee for weapons or concealed evidence." *Ed-*

411, 605 N.W.2d 667, 674 n. 13 (2000) (stating that "the smell of burned, burning, and unburned marijuana, when immediately apparent, are equally incriminating"). We agree with the latter view. Even if the marijuana was smoked at some time in the past, it is not uncommon for officers to find marijuana residue or the ends of marijuana cigarettes after detecting the odor of burnt marijuana. *See, e.g., Sebastian v. State,* 726 N.E.2d 827, 828–29 (Ind.Ct.App.2000) (after smelling burnt marijuana emanating from a car, a pat-down search of the driver yielded a metal pipe containing marijuana residue), *trans. denied.* In addition, if the odor of burnt mari-

juana is indicative that marijuana may yet be present in a car—a proposition that Edmond does not contest—it seems equally likely that marijuana on a person's breath is indicative that that person may possess marijuana.

4. Pursuant to the "plain feel" doctrine, when an officer conducts a lawful pat-down and feels an object whose identity as contraband is "immediately apparent" to the officer, the object may be seized without a warrant. *Burkett v. State,* 785 N.E.2d 276, 278 (Ind.Ct.App.2003).

*wards v. State,* 759 N.E.2d 626, 629 (Ind. 2001) (quoting *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)).

The State relies on *Sebastian v. State,* 726 N.E.2d 827 (Ind.Ct.App.2000), *trans. denied.* In that case, officers observed Sebastian swerving in and out of his lane. Believing that Sebastian was intoxicated, the officers initiated a traffic stop. After smelling burnt marijuana emanating from the vehicle, the officers asked Sebastian to step out of his vehicle. Because it was cold outside, the officers intended to allow Sebastian to sit in the patrol car during questioning. One of the officers conducted a pat-down search before allowing him into the patrol car. The officer felt something that he believed was a pocketknife, but it turned out to be a metal pipe with marijuana residue in the bowl. Sebastian was handcuffed and placed in the patrol car, and the officers proceeded to search his vehicle, where they found additional marijuana. Sebastian moved to suppress the evidence found in the search of his person and his vehicle.

We held that the pat-down search was legal, and that the evidence obtained from the pat-down, as well as the smell of marijuana coming from the vehicle, established probable cause to arrest Sebastian. *Id.* at 830. We then concluded that the search of the vehicle was a lawful search incident to arrest.[5] *Id.* We rejected Sebastian's argument that the search of his vehicle was not

a search incident to arrest because he was not under arrest at the time:

> So long as probable cause exists to make an arrest, the fact that a suspect was not formally placed under arrest at the time of the search incident thereto will not invalidate the search. In addition, a police officer's subjective belief concerning whether he has probable cause to arrest a defendant has no legal effect.

*Id.* (citations and quotation marks omitted).

Edmond contends that *Sebastian* is distinguishable because the pat-down search in that case was justified by safety concerns, whereas Officer Drennan did not have any particular reason to believe that Edmond was armed or dangerous. The *Sebastian* court did not state its basis for concluding that the pat-down was lawful, but the conclusion was apparently based on safety concerns or consent. *See id.* at 829 ("Because it was very cold outside and because [Officer] Williams was going to allow Sebastian to sit in the patrol car for questioning, [Officer] Caplinger told Sebastian that he wanted to perform a pat-down search of his outer clothing, and Sebastian allowed [Officer] Caplinger to do so."). We also note that Sebastian's erratic driving caused the officers to believe that he was impaired, which also heightened their level of suspicion. Officer Drennan, however, did not testify that he observed any signs of impairment.

■ Although we have previously held that the odor of burnt marijuana estab-

---

**5.** After *Sebastian* was decided, the United States Supreme Court held:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable

unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Arizona v. Gant* [556 U.S. 332], 129 S.Ct. 1710, 1724 [173 L.Ed.2d 485] (2009). The Court left undisturbed its prior decisions holding that an officer may conduct a warrantless search of a vehicle if there is probable cause to believe that it contains evidence of a crime. *Id.* at 1721.

lishes probable cause to search a vehicle, *Hawkins*, 766 N.E.2d at 752, it appears that we have never determined whether the smell of burnt marijuana alone may constitute probable cause to support an arrest and search incident to arrest. *See Sebastian*, 726 N.E.2d at 830 (noting that we have never expressly decided that issue, but suggested in *Shinault v. State*, 668 N.E.2d 274, 278 n. 5 (Ind.Ct.App.1996), that the odor of marijuana coming from the defendant's person might establish probable cause for arrest and search incident thereto). Because the odor of burnt marijuana might linger in a vehicle for a period of time, that odor does not necessarily indicate illegal activity by a current occupant; however, we note that Officer Drennan specifically smelled marijuana on Edmond's breath in addition to the odor coming from his vehicle. Furthermore, Edmond was alone in the vehicle. Under these circumstances, we conclude that a person of reasonable caution would be warranted in the belief that Edmond possessed marijuana; therefore, Officer Drennan had probable cause to arrest him and had a lawful basis to search his person.[6]

---

6. This conclusion is consistent with decisions from several other jurisdictions. *See United States v. Humphries*, 372 F.3d 653, 659 (4th Cir.2004) (holding that when an officer smells marijuana and can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana); *Brunson v. State*, 327 Ark. 567, 940 S.W.2d 440, 442 (1997) (probable cause existed to arrest and search occupants of a validly stopped vehicle where police officers approaching the vehicle detected the odor of marijuana), *cert. denied; People v. Nichols*, 1 Cal.App.3d 173, 175, 81 Cal.Rptr. 481 (1969) (when officer smelled marijuana coming from a doorway, the officer had probable cause to arrest the occupant and conduct a search incident to arrest); *People v. Vigil*, 175 Colo. 421, 489 P.2d 593, 594 (1971) (police had probable cause to arrest defendant when they detected the odor and smoke from burning marijuana coming from his hotel room); *State v. T.T.*, 594 So.2d 839, 840 (Fla.Dist.Ct. App.1992) (smell of marijuana coming from T.T.'s person was alone sufficient to establish probable cause for arrest and justified search of his person); *Commonwealth v. Garden*, 451 Mass. 43, 883 N.E.2d 905, 910 (2008) (patdown search of passengers of a vehicle was permissible when officer smelled the odor of marijuana coming from their clothes), *superseded by statute as stated in Commonwealth v. Cruz*, 459 Mass. 459, 945 N.E.2d 899, 910 (2011) (after law was amended to make possession of an ounce or less a civil offense, smell alone no longer constitutes probable cause that a criminal offense has occurred); *Ford v. State*, 37 Md.App. 373, 377 A.2d 577, 580–81 (1977) (officer had probable cause to arrest defendant and conduct search incident to arrest where officer smelled marijuana on defendant's clothing and coming from his car), *cert. denied; State v. Cross*, 23 Or.App. 536, 543 P.2d 48, 49–50 (1975) (when officer smelled marijuana emanating from defendant's clothing, he had probable cause to arrest defendant and search his jacket); *State v. Secrist*, 224 Wis.2d 201, 589 N.W.2d 387, 394 (1999) (when the odor of marijuana emanating from a vehicle may be linked to a specific person, the odor may provide probable cause to arrest and conduct a warrantless search of the vehicle), *cert. denied. See also United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) (citing *Humphries* with approval).

Our conclusion is also consistent with how we have treated other drug- and alcohol-related offenses. *See Johnson v. State*, 829 N.E.2d 44, 48 (Ind.Ct.App.2005) (holding that officer had probable cause to arrest defendant for illegal possession of alcohol where his identification card showed that he was under twenty-one years old and his breath smelled of alcohol), *trans. denied; Zuniga v. State*, 815 N.E.2d 197, 200 (Ind.Ct.App.2004) (affirming conviction of visiting a common nuisance because the strong odor of burnt marijuana in the residence supported an inference that the defendant knew that the residence was used for the unlawful use of a controlled substance); *Hannoy v. State*, 789 N.E.2d 977, 989 (Ind.Ct.App.2003) (stating that "the amount of evidence needed to supply probable cause of operating while intoxicated is minimal; we have held that noticing the odor of alcohol on the driver's breath during the course of an accident investigation can be sufficient"),

## II. Article 1, Section 11

 Edmond also argues that the pat-down search violated his rights under Article 1, Section 11 of the Indiana Constitution.

"While almost identical to the wording in the search and seizure clause of the federal constitution, Indiana's search and seizure clause is independently interpreted and applied." *Baniaga v. State*, 891 N.E.2d 615, 618 (Ind.Ct.App. 2008). Under the Indiana Constitution, the legality of a governmental search turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind.2005). Although other relevant considerations under the circumstances may exist, our Supreme Court has determined that the reasonableness of a search or seizure turns on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizens' ordinary activities, and 3) the extent of law enforcement needs. *Baniaga*, 891 N.E.2d at 618. The burden is on the State to show that under the totality of the circumstances, the intrusion was reasonable. *Id.*

*Hathaway v. State*, 906 N.E.2d 941, 945 (Ind.Ct.App.2009), *trans. denied*.

 While the evidence against Edmond may not have been as strong as that in many other cases involving drugs, the evidence was nevertheless sufficient to establish probable cause for arrest; therefore, we conclude that the degree of suspicion weighs in the State's favor. Although the search of a person's body is a substantial intrusion, a police officer is authorized to conduct a thorough search of an arrestee. Officer Drennan conducted only a pat-down search of Edmond's clothing; thus, the degree of intrusion was minimal under the circumstances. *See Powell v. State*, 898 N.E.2d 328, 336 (Ind.Ct.App. 2008) (where, during pat-down search of arrestee, officer felt an object in arrestee's underwear but could not figure out how to access the object, it was not unreasonable for officer to cut open the arrestee's underwear), *trans. denied*. A search incident to arrest serves important purposes, such as ensuring that the arrestee is unarmed, preventing the arrestee from bringing contraband into jail, and preventing the destruction of evidence. *Andrews v. State*, 588 N.E.2d 1298, 1303 (Ind.Ct.App.1992). Therefore, we conclude that law enforcement needs also weigh in the State's favor. As all three factors support the officer's action in this case, we conclude that Edmond's rights under Article 1, Section 11 were not violated.[7]

Because Edmond's rights under the Fourth Amendment and Article 1, Section 11 were not violated, the trial court did not abuse its discretion by admitting the mari-

---

*reh'g granted on other grounds, trans. denied.* We also note that if the odor of alcohol on a driver's breath can supply probable cause for operating while intoxicated, the odor of marijuana would seemingly provide an even more compelling basis for arrest, as it is unlawful to operate a vehicle with *any* amount of marijuana in one's system. *Compare* Ind.Code § 9–30–5–1(c)–(d) (prohibiting driving with a controlled substance or its metabolite in the body unless it was consumed in accordance with a valid prescription) *with* Ind.Code § 9–30–5–1(a)–(b) (requiring proof of a certain alcohol concentration in the blood or breath) and Ind.Code § 9–30–5–2 (requiring proof of intoxication and endangerment).

7. Nevertheless, we would caution police officers against routinely searching people stopped for traffic violations; it is not inevitable that there will always be a valid basis for doing so.

juana found in his pocket into evidence. Therefore, we affirm his conviction.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.