**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DATHAN ALEXANDER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1105-CR-465 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Charles A. Wiles, Senior Judge
Cause No. 49F19-1101-CM-1482

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Dathan Alexander challenges his conviction of Class A misdemeanor possession of marijuana.[1] Alexander argues the evidence of his possession should not have been admitted during his trial because it was seized during a weapons pat-down that violated the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution. We affirm.[2]

## FACTS AND PROCEDURAL HISTORY

On January 6, 2011, Officers Matthew Thomas and Stephen Smalley were on patrol in Marion County when they noticed a car with two occupants did not stop at a stop sign. Officer Thomas activated his lights and sirens to initiate a traffic stop, and the vehicle promptly pulled into a nearby driveway. Knowing they were in an area of the city that had been designated a criminal "hot spot" due to a high rate of violent crime, (Tr. at 12), Officer Smalley stood behind the vehicle in a position of cover while Officer Thomas approached the driver's side of the vehicle.

As Officer Thomas spoke to the driver, he noticed an odor he "recognized immediately to be a strong smell of raw marijuana emanating from the passenger cabin." (*Id*. at 14-15.) Officer Thomas asked the driver to step out of the vehicle. When the driver exited the car, Officer Thomas looked at her clothing line to discern whether she was carrying any weapons. He then asked the driver to stand at the back of the vehicle with Officer Smalley.

---

[1] Ind. Code § 35-48-4-11.
[2] Because we hold the search was a permissible frisk for weapons under the Fourth Amendment, as defined in *Terry v. Ohio*, 392 U.S. 1 (1968), and did not violate Article 1, Section 11 of the Indiana Constitution, we need not reach whether Alexander had been placed under arrest such that the search was lawful as a search incident to arrest.

2

Officer Thomas then approached Alexander, who was in the front passenger seat. Officer Thomas still smelled marijuana and asked Alexander if he had any weapons or anything illegal in the vehicle. Alexander responded that he did not. Officer Thomas asked Alexander if he would consent to a pat-down for weapons, and Alexander refused. Knowing from professional experience that narcotics are often associated with weapons and being unable to discern whether Alexander had any weapons on him due to Alexander's baggy clothing, Officer Thomas ordered Alexander out of the vehicle so he could perform a weapons pat-down. During the pat-down, Officer Thomas felt what he immediately knew to be small packages of marijuana, and placed Alexander in handcuffs.

The State charged Alexander with Class A misdemeanor possession of marijuana and Class A misdemeanor dealing in marijuana.[3] At a bench trial, the court found Alexander guilty of possession and sentenced him to 365 days in Marion County Jail, with 361 days suspended and 180 days to be served on probation.

## DISCUSSION AND DECISION

The admission of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will be reversed only after a showing of manifest abuse of the trial court's discretion resulting in an unfair trial. *Sallee v. State*, 777 N.E.2d 1204, 1210 (Ind. Ct. App. 2002), *trans. denied*. We will reverse only if a trial court's decision is clearly against the logic and effect of the facts and circumstances. *Lindsey v. State*, 916 N.E.2d 230, 238 (Ind. Ct. App. 2009), *trans. denied*. We will not reweigh the evidence, and

---

[3] Ind. Code § 35-48-4-10.

we consider any conflicting evidence in favor of the trial court's ruling. *Id.* Although a trial court's determination of historical facts is entitled to deferential review, we review *de novo* the trial court's ultimate determinations of reasonable suspicion and probable cause. *Id.*

### 1. Fourth Amendment

The Fourth Amendment to the United States Constitution requires law enforcement officials to obtain a valid warrant before conducting searches or seizures. When police conduct a search without a warrant, the State allows a police officer to briefly detain a person without a warrant if, based on articulable facts and reasonable inferences, the officer believes criminal activity "may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Reasonable suspicion must consist of more than general hunches or suspicions. *Abel v. State*, 773 N.E.2d 276, 279 (Ind. 2002). We consider the totality of the circumstances in determining whether an officer had reasonable suspicion. *D.K. v. State*, 736 N.E.2d 758, 761 (Ind. Ct. App. 2000).

Police officers have the authority to stop a vehicle when they observe minor traffic violations. *Reinhart v. State*, 930 N.E.2d 42, 45 (Ind. Ct. App. 2010). Neither party challenges the validity of the initial *Terry* stop of the car or its passengers. Instead, Alexander challenges the validity of the weapons pat-down performed on him as part of the *Terry* stop.

"When a police officer makes a *Terry* stop, if he has reasonable fear of danger, he may conduct a carefully limited search of the outer clothing of the suspect in an attempt to discover weapons which might be used to assault him." *Shinault v. State,* 668 N.E.2d 274, 276 (Ind. Ct. App. 1996). In order to conduct such a pat-down, an officer is not required to

4

be absolutely certain an individual is armed, he need only believe a reasonably prudent person in the same circumstances would believe his or her safety was in question. *D.H. v. State*, 688 N.E.2d 221, 223 (Ind. Ct. App. 1997).

Officer Thomas articulated facts sufficient to justify a weapons frisk under *Terry*. First, Officer Thomas knew that he was patrolling a "hot spot" that was known to have a high rate of violent crime. (Tr. at 12.) When Officer Thomas approached Alexander, he smelled marijuana. From his experience, Officer Thomas knew the presence of narcotics is often associated with the presence of weapons. Officer Thomas did not know who lived in the residence where they stopped. He also noted there was only one officer for each person in the car. Finally, Officer Thomas was not able to discern whether Alexander was armed from a visual search of Alexander's baggy clothes. Taken in totality, these facts reasonably led Officer Thomas to believe the frisk was necessary to ensure police safety. *See*, *e.g.*, *Drake v. State*, 655 N.E.2d 574, 577 (Ind. Ct. App. 1995) (car containing two television sets and a broken steering column, combined with defendant failing to exit vehicle until officer made several requests, justified weapons pat-down).

Neither are we persuaded by Alexander's attempts to analogize this case with *Rybolt v. State*, 770 N.2d 935 (Ind. Ct. App. 2002), *trans. denied*, and *Swanson v. State*, 730 N.E.2d 205 (Ind. Ct. App. 2000), *trans. denied*. In *Rybolt*, we held a pat-down for weapons was impermissible because the officer, who found Rybolt unconscious in the driver's seat of an immobile vehicle in a crosswalk, testified Rybolt's actions had not made him nervous or fearful for his safety. *Rybolt*, 770 N.E.2d at 941. Here, by contrast, Officer Thomas

5

articulated facts that led him to believe he might be in danger.

In *Swanson*, we held standard practice alone does not create the reasonable fear of danger required to conduct a pat-down frisk for weapons. *Swanson*, 730 N.E.2d at 211. However, we do not interpret Officer Thomas' testimony that weapons are often present with drugs as an indication that Officer Thomas' standard practice is to conduct a weapons pat-down any time an individual is suspected of carrying narcotics. Instead, Officer Thomas' experience, coupled with other articulable facts led him to conclude a weapons pat-down was proper in this case. Under the totality of the circumstances, we cannot disagree.

2.      Indiana Constitution Article 1, Section 11

Though the text of the search and seizure clause of the Indiana Constitution is similar to the Fourth Amendment to the United States Constitution, we are required to conduct an individual analysis under the provisions of the State Constitution. *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind. 2005). In resolving challenges under this section, the State has the burden of showing that, under the totality of the circumstances, the intrusion was reasonable. *Mitchell v. State*, 745 N.E.2d 775, 786 (Ind. 2001). "In determining reasonableness under Section 11, we recognize that Indiana citizens are concerned not only with personal privacy but also with safety, security, and protection from crime. When government intrusion is challenged under Section 11, therefore, reasonableness under the totality of circumstances may include consideration of police officer safety." *Saffold v. State*, 938 N.E.2d 837, 840 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*.

As outlined above, Officer Thomas articulated facts that caused him concern for his

safety. In response, Officer Thomas subjected Alexander to an over-the-clothes pat-down during a valid traffic stop. Under the totality of the circumstances, we find no violation of the Indiana Constitution. *See Johnson v. State*, 710 N.E.2d 925, 928 (Ind. Ct. App. 1999) (safety frisk warranted when individual matched description of someone who had just fired a gun); *Saffold*, 938 N.E.2d at 841 (second safety-frisk warranted when ammunition was discovered in individual's vehicle).

Because the evidence was obtained during a permissible *Terry* stop and frisk for weapons, we hold the trial court did not abuse its discretion when it admitted the bags of marijuana. Accordingly, we affirm.

Affirmed.

NAJAM, J., concurs.

RILEY, J., dissents with separate opinion.

7

# IN THE
# COURT OF APPEALS OF INDIANA

DATHAN ALEXANDER, )
          )
    Appellant-Defendant, )
          )
       vs. ) No. 49A02-1105-CR-465
          )
STATE OF INDIANA, )
          )
    Appellee-Plaintiff. )

**RILEY, Judge, dissenting**

I disagree with the majority's decision to affirm the trial court's admission of evidence pursuant to a *Terry* stop based on the fact that "Officer Thomas articulated facts sufficient to justify a weapons frisk under *Terry*." Slip op. p. 5.

The United States Supreme court has recognized that due to the greater danger to an officer from a traffic stop when there are passengers present in addition to the driver of the stopped car, an officer making a traffic stop may order passengers to get out of the car pending completion of the stop. *Maryland v. Wilson*, 519 U.S. 408, 414-15, 117 S.Ct. 882, 886, 137 L.Ed.2d 48 (1997). While the concern for officer safety may justify the additional intrusion of ordering a driver and passenger out of the car, a routine traffic stop "does not by itself justify the often considerable greater intrusion attending a full field-type search."

8

*Knowles v. Iowa*, 525 U.S. 113, 117, 119 S.Ct. 484, 488, 142 L.Ed.2d 492, 498 (1998). An officer may perform a *Terry* "pat-down" of a driver or any passenger if he has reasonable suspicion that they may be armed and dangerous." *Id*. at 118.

In our recent decision of *Edmond v. State*, 951 N.E.2d 585, 588 (Ind. Ct. App. 2011), Edmond, after being pulled over for a traffic stop, argued that the smell of burnt marijuana coming from his vehicle only gave probable cause to search the vehicle, not his person. He also argued that his pat-down search was not justified as part of the *Terry* stop because he was cooperative and made no furtive movements. *Id*. at 589. We concluded that

> [b]ecause the odor of burnt marijuana might linger in a vehicle for a period of time, that odor does not necessarily indicate illegal activity by a current occupant; however, we note that [the Officer] specifically smelled marijuana on Edmond's breath in addition to the odor coming from his vehicle. Furthermore, Edmond was alone in the vehicle. Under these circumstances, we conclude that a person of reasonable caution would be warranted in the belief that Edmond possessed marijuana.

*Id*.

Based on the determinative facts of *Edmond*, I reach the opposite result here. Alexander was a passenger in a car from which the smell of marijuana was emanating. Even after the driver had stepped out of the car, the smell lingered in the vehicle. As noted in *Edmond*, this does not necessarily indicate illegal activity on the part of Alexander, who still remained in the vehicle. At no point did Officer Thomas testify that he smelled marijuana on Alexander's breath, that Alexander was fidgety or uncooperative. The only reason Officer Thomas articulated for subjecting Alexander to a pat-down search was an unspecified hunch that "narcotics are often associated with weapons" and Alexander's fashion style of wearing

9

baggy clothes *See* Slip op. p. 3. Therefore, I conclude that, taken in totality, the Officer did not have a reasonable belief that criminal activity might have been afoot in order to subject Alexander to a pat-down search. I reach the same result under the Indiana Constitution Article 1, Section 11.