## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 13 2020, 11:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

April L. Christal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 13, 2020

Court of Appeals Case No.
19A-CR-2388

Appeal from the Blackford
Superior Court

The Honorable Nick Barry, Judge

Trial Court Cause No.
05D01-1905-F6-148

**Baker, Judge.**

[1] April Christal appeals her convictions for Level 6 Felony Possession of Methamphetamine[1] and Class B Misdemeanor Possession of Marijuana.[2] Christal argues that the trial court erred by admitting evidence obtained as a result of a traffic stop that she maintains violated her constitutional rights. Finding no error, we affirm.

## Facts

[2] On May 3, 2019, Blackford County Sheriff's Deputy Taylor LaFever was working traffic interdiction and observed a vehicle fail to signal its intention to turn when leaving a Village Pantry parking lot. Deputy LaFever pulled behind the vehicle and initiated a traffic stop for the infraction.

[3] Deputy LaFever approached the vehicle and asked the four occupants, including Christal, for their information. The deputy noticed that Christal appeared to be nervous. Deputy LaFever walked back to his police cruiser, provided the information to dispatch, and requested a canine unit to assist. Deputy LaFever then returned to the vehicle to obtain the vehicle's registration documentation. He noticed that Christal still appeared to be nervous and was hunched over as if she was attempting to conceal something in her lap. Deputy LaFever received the vehicle's registration information and was in the process of writing a citation when the canine unit arrived.

---

[1] Ind. Code § 35-48-4-6.1(a).

[2] I.C. § 35-48-4-11(a)(1).

[4]   The canine conducted a sniff of the vehicle and indicated the possible presence of contraband within the vehicle. At that point, Deputy LaFever and another officer removed the occupants of the car and placed them under arrest. The officer searched Christal's person, finding an "unknown foreign object" protruding from Christal's shirt near her bra. Tr. Vol. II p. 68. The officer secured the item, which was a clear glass smoking device. The officer asked Christal if she had anything else on her person and she advised that she had an orange pill bottle. She retrieved the pill bottle from inside her clothing and handed it to the officer. Subsequent testing confirmed that the clear glass smoking device contained methamphetamine residue and the orange pill bottle contained 2.14 grams of marijuana.

[5]   On May 6, 2019, the State charged Christal with Level 6 felony possession of methamphetamine, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia. On August 15, 2019, Christal moved to suppress the evidence obtained as a result of the traffic stop. Following a hearing, the trial court denied the motion to suppress.

[6]   Christal's jury trial took place on August 28, 2019. At trial, Christal objected to the admission of evidence obtained as a result of the traffic stop; the trial court overruled the objection. At the conclusion of the trial, the jury found Christal guilty as charged. Because of double jeopardy concerns, the trial court entered judgments of conviction only on the possession of methamphetamine and possession of marijuana charges. The trial court sentenced Christal to an

aggregate term of two years imprisonment, with one of those years suspended to probation. Christal now appeals.

## Discussion and Decision

Christal argues that the evidence obtained as a result of the traffic stop should not have been admitted because the stop violated her rights under the United States Constitution.[3] Specifically, Christal insists that the traffic stop was impermissible at the outset because no traffic law was violated.

When considering a trial court's decision regarding the admissibility of evidence, we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances before it. *E.g.*, *Edmond v. State*, 951 N.E.2d 585, 587 (Ind. Ct. App. 2011). We apply a de novo standard of review to a trial court's legal conclusions regarding the constitutionality of a search and seizure. *Id.* at 588.

Under the Fourth Amendment to the United States Constitution, a warrantless traffic stop and limited search is permissible "where an officer has at least a reasonable suspicion that a traffic law has been violated." *Peak v. State*, 26 N.E.3d 1010, 1014-15 (Ind. Ct. App. 2015). The "stopping officer must be able to articulate some facts that provide a particularized and objective basis for

---

[3] Christal briefly mentions the Indiana Constitution but makes no separate argument thereunder. We will not develop one on her behalf. We note, however, that had this issue been raised, the result—an affirm— would have remained the same.

believing a traffic violation occurred. That is reasonable suspicion—the constitutional floor—for a traffic stop." *Marshall v. State*, 117 N.E.3d 1254, 1259 (Ind. 2019) (internal citation omitted).

[10] Here, Deputy LaFever stopped the vehicle because the driver failed to use the turn signal before turning out of the parking lot. Indiana Code section 9-21-8-25 provides that "a signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning or changing lanes."

[11] Christal argues that compliance with the requirements of this statute was impossible under the circumstances because the driver may not have had 200 feet within the parking lot to use his turn signal before turning onto the roadway.[4] This Court has addressed this argument before. *Datzek v. State*, 838 N.E.2d 1149 (Ind. Ct. App. 2006). In *Datzek*, the defendant turned from a parking lot onto a roadway without using his turn signal; an officer then initiated a traffic stop and issued Datzek a citation for violating Indiana Code section 9-21-8-25. On appeal, Datzek argued that the statute did not apply to him because it does not mention turning from a parking lot and because it

---

[4] Christal makes this argument for the first time on appeal and has, therefore, waived it. *E.g.*, *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). During the suppression hearing, she argued that the positive canine sniff in combination with her nervous demeanor did not rise to the level of probable cause needed to search her person. She has abandoned that argument on appeal. Waiver notwithstanding, we will address her argument.

would have been impossible for him to have used his signal for 200 feet before turning from the parking lot.

[12] This Court found the argument unavailing, concluding that the "plain language of the statute requires that a vehicle must use a signal whenever it intends to turn or change lanes. There are no restrictions that it only applies in certain circumstances or on certain roadways." *Id.* at 1155. Furthermore, we noted that "the statute does not require that a person use his turn signal for 200 feet before turning in order for it to be applicable. Instead, it requires that a person use his turn signal for 'not less than the last' 200 feet traveled." *Id.* This Court ultimately found that the traffic stop was justified because Datzek failed to use his turn signal when turning from the parking lot.

[13] Here, likewise, it is undisputed that the driver of the vehicle failed to use a turn signal when turning from the parking lot. Consequently—and whether or not there was 200 feet of roadway leading to the location at which the vehicle turned—Deputy LaFever's traffic stop was permissible and the trial court did not err by admitting evidence obtained from the traffic stop.[5]

---

[5] Christal argues on appeal that the State failed to meet its burden because it did not present evidence showing at least 200 feet between the place in the parking lot where the driver began operating the vehicle and the place where the driver exited the parking lot. We note again that Christal did not make this argument below. Consequently, the State would have had no notice that it needed to have such evidence in hand. Given the arguments on which the suppression hearing turned, the State had no need to present testimony to show that compliance with the statute was possible or refer to *Datzek* to refute the argument. Therefore, this argument is unavailing.

[14]    The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.