**Shaft JONES, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A04–0402–CR–81.**

Court of Appeals of Indiana.

Sept. 7, 2004.

and there was no basis for an award of treble damages." *Brief of Appellants* at 20.

Nikos C. Nakos, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

**BAKER, Judge.**

Appellant-defendant Shaft Jones appeals his conviction for possession of cocaine, a class D felony.[1] Specifically, he raises three issues; however, we find one dispositive: whether the trial court properly denied his motion to suppress. Finding that the search of a children's backpack that was improperly seized from the vehicle violated Jones's Fourth Amendment rights, we reverse and remand.

### FACTS

On November 24, 2002, Officers Christine Miller and Mark Bieker of the Fort Wayne Police Department attended a squad meeting at approximately 10:30 p.m. before they began the patrol of the southeast quadrant of the City. The officers were informed at the meeting that two armed robberies had occurred in the southeast quadrant of Fort Wayne earlier

---

1. Ind.Code § 35–48–4–6.

that day. One of the robberies occurred at Lee's Chicken on Rudisill Boulevard, where it was reported that the suspects had semi-automatic weapons and a black duffle bag. The other robbery had involved a maroon Pontiac.

At approximately 11:00 p.m., Officers Miller and Bieker drove north on Winter Street when they observed a white Cadillac parked on the right-hand side of the road with the trunk "popped open." Tr. p. 68. Thinking this was suspicious, the officers stopped their vehicle, exited, and approached the Cadillac. While they did so, they shined their flashlights on the houses on both sides of the street to see if anyone would come out to claim the car. No one came out of the houses, and the officers looked inside the trunk and saw a black duffle bag.

Officer Miller opened the duffle bag because a bag of a similar description had been used in the Lee's robbery. Inside, she found boxing gloves, shoes and athletic equipment. Officer Miller also saw a "Dora the Explorer" children's backpack in the trunk next to the duffle bag, and she opened it. Inside the children's backpack, Officer Miller found $30,000. A later search also revealed that the children's backpack contained a white t-shirt, Western Union funds transfers, an audiotape, a piece of candy, a business card, small pieces of paper, a cell phone adapter, and a white powdery substance that upon testing proved to be cocaine.

At this point, people began coming out of a nearby house. An African–American male came out of 4101 Winter Street and asked the officers what they were doing. The officers asked if the Cadillac belonged to him, and he responded that it was his cousin's vehicle. The officers eventually determined that the car was registered to Jones and that the man who had exited the nearby house was Jones.

The officers asked Jones where the money came from, and he replied that it was money from the beauty salons and other businesses that he owned. The officers informed Jones that the money would be taken to the police station to be inventoried and counted because they did not know if it was involved in either of the armed robberies. Jones explained to the officers that he found the children's backpack at a local carwash and had placed it in his trunk. He then placed the money from his businesses in the bag. None of the money found in Jones's vehicle was traced back to any type of robbery.

On December 2, 2002, the State charged Jones with possession of cocaine. On January 14, 2003, Jones filed a motion to suppress any and all items seized from the Cadillac, arguing that the officers did not have reasonable suspicion to stop and search the vehicle. On March 17, 2003, the trial court held a hearing on the motion and denied it on April 8, 2003. The jury trial was held on August 27, 2003, and the jury found Jones guilty despite his renewed objection to the admission of the items that the officers had seized from the vehicle. The trial court sentenced Jones to one and one-half years suspended to probation, and Jones now appeals.

### DISCUSSION AND DECISION

Jones contends that his conviction must be reversed because the evidence obtained from the trunk of his vehicle should have been suppressed. Specifically, he maintains that the trial court erred in denying his motion to suppress because the police did not have a search warrant nor did an exception to the warrant requirement exist under these circumstances.

In resolving the issues presented, we first note that when reviewing a trial court's decision to deny a motion to suppress, our review is similar to other suffi-

ciency matters. *Edwards v. State*, 759 N.E.2d 626, 630 (Ind.2001) (citing *Goodner v. State*, 714 N.E.2d 638, 641 (Ind.1999) (decided based upon the Fifth Amendment)). The record must disclose substantial evidence of probative value that supports the trial court's decision. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorably to the trial court's ruling. *Id.*

For a search to be reasonable under the Fourth Amendment of the United States Constitution and Article I, section 11 of the Indiana Constitution, a warrant is required unless an exception to the warrant requirement applies. *State v. Friedel*, 714 N.E.2d 1231, 1237 (Ind.Ct. App.1999).

> The State bears the burden of proving that a warrantless search falls within an exception to the warrant requirement. However, where there is probable cause to believe that a vehicle contains evidence of a crime, a warrantless search of the vehicle does not violate the Fourth Amendment because of the existence of exigent circumstances arising out of the likely disappearance of the vehicle. Further, as long as the search is supported by probable cause, a warrantless search of a vehicle may also include a search of a container or package found in the vehicle.

*Id.* (citations omitted).

Here, the officers had received information that a black duffel bag had been involved in an armed robbery earlier in the day. However, there was no mention of a children's backpack being involved in any crime. The simple fact that the children's backpack was near a black duffel bag found a mile away from the scene of a robbery does not provide the police with probable cause to search the children's backpack. Moreover, there was no indication that the vehicle was in any danger of disappearing while the officers obtained a warrant. No one was on the street at the time the officers approached the vehicle; more to the point, no one even came outside to see what the officers were doing until after they shined flashlights into the darkened houses in the vicinity. Tr. p. 68–69. Simply put, there were no exigent circumstances arising out of the likely disappearance of the vehicle. In this case, it is apparent that one officer could have gone to try to obtain a warrant while the other remained with the vehicle in case a prospective driver did appear.

Because the police lacked probable cause to search the children's backpack and because no exigent circumstances existed, we find that the automobile exception to the warrant requirement did not apply in this case. The officers were required to obtain a warrant before searching Jones's vehicle. Therefore, the trial court erred in denying Jones's motion to suppress, and his conviction must be reversed.

The judgment of the trial court is reversed and remanded.

KIRSCH, C.J., and ROBB, J., concur.