# FOR PUBLICATION



**FILED**
Dec 31 2012, 11:25 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TERRY E. IACOLI**
Martinsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY MIKLOS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAMON RAY BOWERS,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　Appellant-Defendant,　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　　　　vs.　　　　　　　　　　　）　　　No. 55A04-1204-CR-180
　　　　　　　　　　　　　　　　　　　）
STATE OF INDIANA,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　Appellee-Plaintiff.　　　　　　　　）

INTERLOCUTORY APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable G. Thomas Gray, Judge
Cause No. 55D01-1110-FD-1289

**December 31, 2012**

**OPINION – FOR PUBLICATION**

**MAY, Judge**

Damon Ray Bowers brings an interlocutory appeal of the denial of his motion to suppress the evidence gathered from a traffic stop. He asserts the stop occurred without reasonable suspicion, in violation of his rights under the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

At 3:00 a.m. on October 9, 2011, Mooresville police officers observed Bowers stop his van and his ex-wife, April, exit the van. Bowers and April shouted at each other, then Bowers honked the horn and drove away. Police approached April, who was upset and intoxicated. April told police she and Bowers were trying to work on their relationship, and they had been drinking together. While police were talking to April, Bowers returned to the scene for a moment, but left.

After Bowers left the scene the second time, police followed him and pulled him over. Bowers smelled of alcohol, and had slurred speech, glassy bloodshot eyes, and poor balance. Bowers admitted drinking alcohol, and he failed three field sobriety tests. A portable breath test indicated Bowers had an alcohol concentration equivalent (ACE) of .17. The State charged Bowers with Class D felony operating a vehicle while intoxicated[1] and Class D felony operating a vehicle with an ACE of .15 or more.[2]

---

[1] Ind. Code §§ 9-30-5-2(a) and 9-30-5-2(b) (driving while intoxicated); Ind. Code §9-30-5-3(a) (enhancement to D felony).
[2] Ind. Code § 9-30-5-1(b)(1) (driving with ACE above .15); Ind. Code § 9-30-5-3(a) (enhancement to D felony).

2

On December 6, Bowers filed a motion to suppress the evidence from the traffic stop because the stop was not supported by reasonable suspicion. After a hearing, the trial court denied Bowers' motion to suppress and later certified the issue for interlocutory appeal.

## DISCUSSION AND DECISION

Our standard of review for the denial of a motion to suppress evidence is similar to other sufficiency issues. *Jackson v. State*, 785 N.E.2d 615, 618 (Ind. Ct. App. 2003*), reh'g denied*, *trans. denied*. We determine whether substantial evidence of probative value exists to support the denial of the motion. *Id*. We do not reweigh the evidence, and we consider conflicting evidence that is most favorable to the trial court's ruling. *Id*. But the review of a denial of a motion to suppress is different from other sufficiency matters in that we must also consider uncontested evidence that is favorable to the defendant. *Id*. We review *de novo* a ruling on the constitutionality of a search or seizure, but we give deference to a trial court's determination of the facts, which will not be overturned unless clearly erroneous. *Campos v. State*, 885 N.E.2d 590, 596 (Ind. 2008).

### 1. Fourth Amendment

The Fourth Amendment to the United States Constitution requires law enforcement officials to obtain a valid warrant before conducting searches or seizures. When police conduct a search without a warrant, the State has the burden of proving that the search falls within an exception to the warrant requirement. *Taylor v. State*, 842 N.E.2d 327, 330 (Ind. 2006). A police officer may briefly detain a person without a warrant if, based on articulable facts and reasonable inferences, the officer believes criminal activity "may be afoot." *Terry*

3

*v. Ohio*, 392 U.S. 1, 30 (1968). Reasonable suspicion must consist of more than general hunches or suspicions. *Abel v. State*, 773 N.E.2d 276, 279 (Ind. 2002). We consider the totality of the circumstances in determining whether an officer had reasonable suspicion. *Carter v. State*, 692 N.E.2d 464, 467 (Ind. Ct. App. 1997).

After Bowers ejected April from the van at 3:00 a.m., she was visibly upset and intoxicated. Bowers returned to the scene, saw the police, and left. April told police she and Bowers had been drinking all day. Bowers argues because April said he was "drinking," not "intoxicated," the police did not have the reasonable suspicion of criminal activity required to stop his vehicle. We disagree.

Considering April's state of intoxication, her statement she and Bowers had been drinking together, the fact the incident happened at 3:00 a.m., and Bowers' brief return to the scene after the police arrived, it is reasonable to suspect Bowers was driving while intoxicated. *See id.* (based on the totality of the circumstances, officer had reasonable suspicion to stop Carter)[3]

2.      Indiana Constitution Section 1, Article 11

Though the text of the search and seizure clause of the Indiana Constitution is similar to the Fourth Amendment to the United States Constitution, our Indiana Supreme Court has defined a separate analysis for this provision of the State Constitution. *Litchfield v. State*,

---

[3] In addition, police officers have the authority to stop a vehicle when they observe minor traffic violations. *Reinhart v. State*, 930 N.E.2d 42, 45 (Ind. Ct. App. 2010). The State presented evidence Bowers used his car horn in violation of Ind. Code § 9-19-5-2, which states: "The driver of a motor vehicle shall, when reasonably necessary to ensure safe operation, give audible warning with the horn on the motor vehicle but may not otherwise use the horn when upon a highway." Thus, the police had another justification for the traffic stop to investigate the alleged traffic violation.

824 N.E.2d 356, 359 (Ind. 2005). When a defendant raises a challenge under this section, the State has the burden of showing that, given the totality of the circumstances, the intrusion was reasonable. *Mitchell v. State*, 745 N.E.2d 775, 786 (Ind. 2001).

"In determining reasonableness under Section 11, we recognize that Indiana citizens are concerned not only with personal privacy but also with safety, security, and protection from crime." *Saffold v. State*, 938 N.E.2d 837, 840 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*. To determine reasonableness, we consider: (1) the degree of concern, suspicion, or knowledge that a violation has occurred, (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and (3) the extent of law enforcement's needs. *Litchfield*, 824 N.E.2d at 361.

In the instant case, April told the police she and Bowers had been drinking. Bowers and April argued as she left the van, and she was visibly upset and intoxicated when approached by police. As discussed in the Fourth Amendment analysis, those facts taken together could create reasonable suspicion that Bowers was also intoxicated. The actual stop of Bowers' vehicle was a minimal intrusion. *See Tawdul v. State*, 720 N.E.2d 1211, 1216 (Ind. 1999) (traffic stop a "minimal intrusion" of the occupants' privacy interests), *reh'g denied*. Finally, if Bowers was intoxicated, then the police needed to prevent him from driving further, so he would not endanger himself or someone else.

Based on the facts presented at the motion to suppress hearing, the trial court did not err when it denied Bowers' motion to suppress. The minimal intrusion into Bowers' activity caused by a brief traffic stop was justified based on the police having reasonable suspicion

5

that he was intoxicated.  Accordingly, we affirm and remand to the trial court for further proceedings consistent with this opinion.

Affirmed and remanded.

ROBB, C.J., and PYLE, J., concur.