**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 25 2013, 8:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-546 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
The Honorable John S. Alt, Master Commissioner
Cause No. 49G14-1011-FD-88835

**March 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Aaron Brown appeals his convictions of Class D felony possession of marijuana[1] and Class A misdemeanor driving with a suspended license.[2] He argues the trial court abused its discretion when it admitted evidence obtained in violation of his rights under the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 24, 2010, at approximately 5:00 p.m., Officer Dennis Lowe of the Indianapolis Metropolitan Police Department saw a vehicle with front end damage pull into a parking lot. There was another damaged vehicle in a nearby intersection. As Officer Lowe approached the vehicle in the intersection, he saw Brown exit the driver's side of the vehicle in the parking lot. After determining no one was hurt, Officer Lowe asked Brown and the driver of the vehicle in the intersection for identification.

Brown told Officer Lowe he left his driver's license at home, but he had the registration for his vehicle. Officer Lowe ran a check on Brown's name and date of birth, and discovered Brown's license was suspended. Officer Lowe arrested Brown for driving with a suspended license. After he placed Brown under arrest, Brown told Officer Lowe he had marijuana in his pocket, and Officer Lowe retreived it.

The State charged Brown with Class A misdemeanor driving while suspended, Class A misdemeanor possession of marijuana, and Class D felony possession of marijuana based

[1] Ind. Code § 9-24-19-2.
[2] Ind. Code § 35-48-4-11.

on Brown's prior conviction of Class A misdemeanor possession of marijuana. On November 18, 2011, Brown filed a motion to suppress the evidence against him. After a hearing on January 10, 2012, the trial court denied Brown's motion to suppress. On June 18, the court held a bench trial and convicted Brown of all counts.

## DISCUSSION AND DECISION

Brown did not seek interlocutory review of the denial of his motion to suppress but instead appeals following trial. This issue is therefore "appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Lundquist v. State*, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005). Our review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Id*. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id*. However, we must also consider the uncontested evidence favorable to the defendant. *Id*.

Brown argues the search incident to his arrest violated the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. Although the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution contain textually similar language, each must be separately analyzed. *State v. Washington*, 898 N.E.2d 1200, 1205-06 (Ind. 2008), *reh'g denied*.

1.    Fourth Amendment

Brown argues Officer Lowe did not have probable cause to arrest him, and therefore the trial court abused its discretion when it admitted his driving record, statement, and the

3

marijuana found in his car.  We disagree.

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

As an exception to the warrant requirement of the Fourth Amendment, "a police officer may conduct a warrantless search if the search is incident to a lawful arrest." *Edwards v. State*, 759 N.E.2d 626, 629 (Ind. 2001).  An arrest is lawful without a warrant when an officer has probable cause to support the arrest.  *Griffith v. State*, 788 N.E.2d 835, 840 (Ind. 2003). Probable cause exists when the officer has knowledge of facts and circumstances that would warrant a person of reasonable caution to believe the suspect committed a criminal act.  *Id*.

When Officer Lowe arrived on the scene of the accident, he saw Brown driving his vehicle out of the intersection and into a nearby parking lot.  Officer Lowe testified he saw Brown exit the driver's side of the car, and asked for Brown's driver's license.  Brown indicated he did not have his driver's license with him, and Officer Lowe used Brown's name and date of birth to determine the status of Brown's driver's license.  Officer Lowe discovered Brown's driver's license was suspended, and placed Brown under arrest.

Brown contends he was not driving the car, and thus Officer Lowe did not have probable cause to ask for his license.  Brown's argument there was no probable cause to arrest him is essentially an invitation for us to reweigh the evidence.  We cannot.  *See Lundquist*, 834 N.E.2d at 1067 (appellate court does not reweigh the evidence or judge the

4

credibility of witnesses). Therefore, the trial court did not abuse its discretion when it admitted the evidence Brown's license was suspended.

Brown also argues the marijuana found in his pocket was improperly admitted. He concedes the marijuana found in his pocket was found incident to his arrest. As his arrest was lawful, the marijuana seized pursuant to that arrest was properly admitted. *See Culpepper v. State*, 662 N.E.2d 670, 675 (Ind. Ct. App. 1996) ("Incident to a lawful arrest, an arresting officer may conduct a warrantless search of the arrestee's person and the area within his or her immediate control."), *reh'g denied*, *trans. denied*.

2.      Article 1, Section 11

The language of Article 1, Section 11is virtually identical to its Fourth Amendment counterpart. Section 11 provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

In resolving challenges involving this section, we consider the circumstances presented in each case to determine whether the police behavior was reasonable. *Saffold v. State*, 938 N.E.2d 837, 840 (Ind. Ct. App. 2010). The State has the burden of showing the intrusion was reasonable under the totality of the circumstances. *Id*. In determining reasonableness under Section 11, we recognize Indiana citizens are concerned not only with personal privacy but also with safety, security, and protection from crime. *Id*. When government intrusion is challenged under Section 11, therefore, the determination of

5

reasonableness under the totality of circumstances may include consideration of police officer safety. *Id.*

As stated above, Officer Lowe testified Brown was driving one of the vehicles involved in an automobile accident. Brown did not have his driver's license, but he voluntarily gave Officer Lowe his name and date of birth. Upon learning Brown's license was suspended, Officer Lowe arrested Brown. During the search incident to that arrest, Officer Lowe retrieved marijuana from Brown's pocket. Based on the totality of the circumstances, Officer Lowe had probable cause to arrest Brown based on the Officer's belief that Brown committed a crime by driving with a suspended license. Brown's argument to the contrary is an invitation to reweigh the evidence, which we cannot do. *See Lundquist v. State*, 834 N.E.2d at 1067 (appellate court does not reweigh the evidence or judge the credibility of witnesses).[3]

## CONCLUSION

Because Officer Lowe had probable cause to believe Brown was driving on a suspended license, Officer Lowe's arrest of Brown was lawful, and the trial court did not abuse its discretion when it admitted the evidence obtained incident to that arrest. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.

---

[3] Brown's trial was a bench trial. In bench trials, we assume the judge "is aware of and knows the law, and considers only evidence property before the judge in reaching a decision." *Dumas v. State*, 803 N.E.2d 1113, 1121 (Ind. 2004).