**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**JEFFREY A. BALDWIN**
**TYLER D. HELMOND**
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY ROBINSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-6 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose Salinas, Judge
Cause No. 49G14-1202-FD-8205

October 22, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Jeffrey Robinson appeals the trial court's denial of his motion to suppress. We affirm.

## Issues

The issues before us are:

I.   whether a search of Robinson's underwear that uncovered marijuana violated the United States Constitution; and

II.  whether that search violated the Indiana Constitution.

## Facts

On February 5, 2012, Indianapolis Metropolitan Police Department Officer Keith Albert was inside a Speedway gas station when he noticed what he believed to be the odor of marijuana coming from Robinson, who was standing in line at the cash register in front of him. Officer Albert believed, based on his training and experience, that the odor was of raw or unburned, not burnt, marijuana. Officer Albert followed Robinson out the door and told Robinson that he noticed the smell of marijuana coming from him. Robinson then stated that he "had recently smoked a blunt." Tr. p. 10. Officer Albert then told Robinson that he smelled raw, not burnt, marijuana; Robinson "put his head down" but did not admit to possessing marijuana. Id. at 12.

Next, Officer Albert performed a pat down search of Robinson but failed to find any contraband. While performing the pat down, Officer Albert believed the smell of raw marijuana was stronger near Robinson's groin area. Accompanied by another

officer, Officer Albert took Robinson back inside the Speedway store to a cubbyhole area in front of the bathrooms that was not completely closed off from the rest of the store. Officer Albert then reached "down into [Robinson's] pants. . . . After I got through his three pairs of boxer shorts I found a clear plastic baggie containing raw marijuana." Tr. p. 14.[1]

The State charged Robinson with one count of Class A misdemeanor possession of marijuana weighing less than thirty grams and one count of Class D felony possession of marijuana with a prior marijuana conviction. Robinson filed a motion to suppress the marijuana, and the trial court conducted a hearing on the matter. The trial court denied the motion, although it found the search to be "intrusive" and "a good stretch . . . ." Id. at 28. It certified its ruling for interlocutory appeal, and we have accepted jurisdiction over it.

**Analysis**

We review the denial of a motion to suppress in a manner similar to other sufficiency issues. Bowers v. State, 980 N.E.2d 911, 913 (Ind. Ct. App. 2012). We must determine whether there is substantial evidence of probative value to support the denial of the motion. Id. We do not reweigh the evidence, and we will consider any conflicting evidence in a light most favorable to the trial court's ruling. Id. When reviewing the constitutionality of a search or seizure, we must also examine "any uncontested evidence favorable to the appellant." Fair v. State, 627 N.E.2d 427, 434 (Ind. 1993). "Although a

---

[1] There is no other testimony further describing or explaining the manner in which Officer Albert searched Robinson's pants and underwear.

3

trial court's determination of historical facts is entitled to deferential review, we employ a de novo standard when reviewing the trial court's ultimate determinations of reasonable suspicion and probable cause." Lindsey v. State, 916 N.E.2d 230, 238 (Ind. Ct. App. 2009), trans. denied. Evidence obtained by police action in violation of either the United States or Indiana Constitution is inadmissible. Clanton v. State, 977 N.E.2d 1018, 1023 (Ind. Ct. App. 2012).

### I. United States Constitution

"The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures." Edmond v. State, 951 N.E.2d 585, 588 (Ind. Ct. App. 2011). The Fourth Amendment generally prohibits warrantless searches and seizures, unless the State is able to prove that an exception to the warrant requirement existed at the time of the search. Id. One such exception is a search incident to arrest. Id. at 589. After police have made a lawful arrest supported by probable cause, an officer may conduct "'a relatively extensive exploration of the person'" without any additional probable cause or justification. Edwards v. State, 759 N.E.2d 626, 629 (Ind. 2001) (quoting United States v. Robinson, 414 U.S. 218, 227, 94 S. Ct. 467, 473 (1973)).

For the search incident to arrest exception to the warrant requirement to apply, it is not necessary that an officer actually place a suspect under arrest. Edwards, 951 N.E.2d at 590. "'So long as probable cause exists to make an arrest, the fact that a suspect was not formally placed under arrest at the time of the search incident thereto will not invalidate the search.'" Id. (quoting Sebastian v. State, 726 N.E.2d 827, 830 (Ind. Ct.

4

App. 2000), trans. denied). We further held in Edmond that when a police officer is able to detect the odor of marijuana and determine that it is emanating from one specific individual, probable cause exists to place the person under arrest for possession of marijuana and conduct a search of that person incident to arrest, even if the suspect was not actually under arrest at the time of the search. Id. at 591.

Here, Officer Albert testified regarding his training and experience in recognizing the odor of marijuana and distinguishing between burnt and raw marijuana. He further testified regarding his determination that he detected the odor of raw marijuana emanating specifically from Robinson.[2] After making that determination, Officer Albert had probable cause to arrest Robinson for possession of marijuana and was entitled to conduct a "fairly extensive" search of Robinson incident to arrest. For our purposes, it is irrelevant that Officer Albert in fact did not arrest Robinson at that very moment. Officer Albert began by conducting a pat down of Robinson's clothing, but could not feel anything that could contain marijuana. However, Officer Albert stated that during the pat down, he was able to localize the smell of raw marijuana as coming from Robinson's groin area. Officer Albert then took the next step of reaching inside of Robinson's pants, where he in fact found a baggie of marijuana.

Robinson contends that Officer Albert's reaching inside of his pants constituted a strip search that exceeded the bounds of reasonableness for such searches, as delineated by Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979). The Bell court specifically

---

[2] Although Robinson admitted to Officer Albert that he had recently smoked marijuana, this would have resulted in an odor of burnt marijuana, not the raw marijuana odor Officer Albert detected.

5

addressed searches of pretrial jail inmates that involved visual body cavity searches. The Supreme Court approved such searches generally after considering "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559, 99 S. Ct. at 1884. Also, our supreme court has held that routine, warrantless strip searches of misdemeanor arrestees, even when incident to lawful arrest, are unreasonable under both the United States and Indiana Constitutions unless there is reasonable suspicion that the arrestee may be in possession of weapons or contraband. Edwards, 759 N.E.2d at 630. Such suspicion may arise inherently based on the nature of the offense leading to the arrest, or upon the circumstances surrounding the arrest. Id.

We find no violation of either Bell or Edwards here. First and most crucially, Robinson was not subjected to a strip search, as that term is understood colloquially and legally. There is no evidence Officer Albert compelled Robinson to remove any article of clothing, which has been a common denominator in cases addressing "strip searches." See Bell, 441 U.S. at 558 n.39 (describing visual inspection of body cavities); Safford United School Dist. No. 1 v. Redding, 557 U.S. 364, 374, 129 S. Ct. 2633, 2641 (2009) (describing compelled removal of outer clothing and pulling out of underwear to look inside as a strip search); Frye v. State, 757 N.E.2d at 684, 687 (Ind. Ct. App. 2001) (describing strip search that involved compelled removal of clothing and inspection of defendant's buttocks), trans. denied, cert. denied; BLACK'S LAW DICTIONARY 1352 (7th ed. 1999) (defining "strip search" as search "conducted after that person's clothes have

been removed . . . ."). The extent of Officer Albert's search here fell well short of any of these situations or definitions. The evidence and inferences most favorable to the trial court's ruling are that Officer Albert at most pulled out on Robinson's pants and underwear before reaching inside. The extent of invasion into Robinson's privacy is not on the same level as someone subjected to a true strip search.

Officer Albert also had justification for conducting the search as he did. Officer Albert not only localized the odor of marijuana to Robinson, but to a specific area of his body, and he conducted a limited search of that part of Robinson's body. Unlike in Edwards, or Bell for that matter, Officer Albert had not only reasonable suspicion but probable cause that Robinson was in possession of contraband and that a search of Robinson's underwear would reveal the source of the raw marijuana odor.

Finally, as for the location where the search was conducted, it is true that it was conducted in a public place and not in a secure or private facility. However, before reaching into Robinson's pants, Officer Albert took the precaution of taking Robinson inside the Speedway and taking him to a more secluded area of the store, thus reducing the possible embarrassment that Robinson might suffer from the search. There also is no evidence that any Speedway customers or employees actually observed the search.

Ultimately, Officer Albert had probable cause to arrest Robinson for possession of marijuana at the time he searched Robinson. That search incident to arrest was conducted in a reasonable manner consistent with Bell and Edwards. As such, we find no violation of the Fourth Amendment in Officer Albert's conduct.

7

## II. Indiana Constitution

Robinson makes a separate argument that Officer Albert's search violated the Indiana Constitution. Although the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution are similarly worded, we interpret and apply Section 11 separately and independently from Fourth Amendment jurisprudence. State v. Washington, 898 N.E.2d 1200, 1205-06 (Ind. 2008). The Indiana Constitution may protect Hoosiers from searches that the federal Constitution would not. Id. at 1206. "The provision must receive a liberal construction in its application to guarantee the people against unreasonable search and seizure." State v. Quirk, 842 N.E.2d 334, 340 (Ind. 2006). When a search is challenged as violating the Indiana Constitution, the State bears the burden of demonstrating that the search was reasonable under the totality of the circumstances. Id. In evaluating the reasonableness of a particular warrantless search, courts should examine "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." Litchfield v. State, 824 N.E.2d 356, 361 (Ind. 2005). Our supreme court has seemed to recognize that "full" searches of an arrestee incident to arrest are valid under the Indiana Constitution so long as the search is otherwise reasonable and is not "'extreme or patently abusive.'" Edwards, 759 N.E.2d at 629 (quoting Robinson, 414 U.S. at 236, 94 S. Ct. at 478).

This case is very similar to Edmond, in which we upheld as consistent with Section 11 a pat-down search of a defendant who smelled of marijuana, which resulted in the discovery of marijuana in the defendant's pocket. Edmond, 951 N.E.2d at 592. The primary difference in this case, of course, is that Officer Albert's original pat down failed to definitively reveal the presence of any contraband, and he went beyond a simple pat down of outer clothing to a search of Robinson's underwear. Still, we cannot say that taking that step, at a time when probable cause to arrest Robinson for possession of marijuana already existed, was "extreme or patently abusive." During the pat down, Officer Albert's suspicion that Robinson was possessing marijuana did not diminish; if anything, Officer Albert was able to more precisely locate that the odor was coming from Robinson's groin area. Officer Albert then conducted a limited search of that part of Robinson's body and clothing—i.e., his underwear—after taking steps to minimize public exposure of the search.

Even more similar to this case is Powell v. State, 898 N.E.2d 328 (Ind. Ct. App. 2008), trans. denied. There, a defendant was arrested for several charges—none of them drug charges—and he was patted down by an officer while on a public sidewalk. The officer felt a lump in the defendant's underwear, which was exposed because the defendant's pants were sagging. The officer then used a pocket knife to cut an eight-inch hole in a pocket of the underwear to access the lump. The lump turned out to be cocaine, which the defendant attempted to suppress. We held that, under the totality of the circumstances, the seizure of the cocaine did not violate the Indiana Constitution.

9

Powell, 898 N.E.2d at 336. We noted that the lump was discovered during a pat down following the defendant's arrest, most of the defendant's underwear already was exposed to the public, the manner in which the officer cut the underwear did not result in the exposure of any of the defendant's skin, and although the search took place on a public sidewalk, the defendant was partially surrounded by vehicles and a building, and officers did not recall anyone walking by during the search. Id.

Here, likewise, Officer Albert had probable cause to arrest Robinson. A pat down did not definitively reveal any contraband, but did reveal further suspicious information to Officer Albert that warranted further investigation, namely, the smell of raw marijuana emanating from Robinson's groin area. Officer Albert then used a means of further searching Robinson that was limited under the circumstances; as in Powell, there is no evidence that any member of the general public observed Officer Albert searching Robinson's underwear. To the extent Robinson claims Officer Albert should have obtained a warrant before searching his underwear, that seems to have been impracticable under the circumstances, not to mention contrary to clear precedent allowing extensive searches of a person when there is probable cause to arrest. Under the totality of the circumstances, Officer Albert's conduct as a whole was not unreasonable and did not violate the Indiana Constitution.

**Conclusion**

Officer Albert's search and discovery of marijuana inside Robinson's underwear violated neither the United States nor Indiana Constitutions. We affirm the denial of Robinson's motion to suppress.

Affirmed.

CRONE, J., and PYLE, J., concur.

11