# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2017, 8:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Christopher A. Bryant<br>Michigan City, Indiana | Curtis T. Hill<br>Attorney General of Indiana<br><br>Justin F. Roebel<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Bryant,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 10, 2017<br><br>Court of Appeals Case No.<br>45A04-1602-PC-434<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Samuel L. Cappas, Judge<br><br>Trial Court Cause No.<br>45G04-1211-PC-17 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial in 2010, Christopher Bryant was found guilty of resisting law enforcement, possession of marijuana, and two counts of dealing in a narcotic drug. Bryant also admitted to being an habitual substance offender. The trial court sentenced Bryant to an aggregate sentence of forty-five years to be executed in the Indiana Department of Correction. On direct appeal, we affirmed his convictions and sentence. *Bryant v. State*, 959 N.E.2d 315, 317 (Ind. Ct. App. 2011). Thereafter, Bryant filed a petition for post-conviction relief wherein he alleged prosecutorial misconduct and ineffective assistance of trial and appellate counsel, which the post-conviction court denied. Bryant, pro se, now appeals the denial of post-conviction relief, raising two issues for our review: (1) whether the post-conviction court erred in concluding Bryant's trial counsel was not ineffective, and (2) whether the post-conviction court erred in concluding Bryant's appellate counsel was not ineffective. Concluding trial and appellate counsel were not ineffective, we affirm.

# Facts and Procedural History

[2] We summarized the facts and procedural history of this case in Bryant's direct appeal:

> On September 1, 2010, Hammond Police outfitted a confidential informant ("CI") with an audio-visual recorder, provided him with $150 of "buy" money, and directed him to arrange a drug deal with a person known only to the police and the CI as "Prophet," but who later turned out to be Bryant. The CI

telephoned Bryant, who arrived at the CI's residence approximately thirty minutes later. The CI approached Bryant's vehicle and purchased $130 worth of heroin, leaving him with $20 of buy money left. The CI returned to his residence and gave 0.54 grams of heroin and the remaining buy money to police.

Hammond Police Detective Marc Ferry followed Bryant's vehicle when it pulled away. Eventually, Bryant failed to signal a turn, and Detective Ferry activated his lights and siren to initiate a stop. Detective Ferry approached the vehicle, and, after knocking on the driver's side window with his flashlight, asked twice for Bryant's identification and vehicle registration. When Bryant asked why he had been stopped, Detective Ferry said, "Well, for starters because of the loud music." At this point, Bryant drove off slowly.

Detective Ferry returned to his vehicle and pursued Bryant, who leaned "hard to the right" momentarily before stopping in an empty lot after approximately two blocks. Detective Ferry had witnessed others lean and pull away as Bryant had done and believed that "people when they pull away like that, they are buying time, they're trying to hide something." Detective Ferry testified that "[a]t that time, [Bryant was being arrested] for resisting law enforcement." When Bryant was taken into custody, Detective Ferry received permission from his supervisor to conduct a strip search. When two officers forcibly bent Bryant over, Detective Ferry recovered a "clear plastic bag which was slightly torn opened [sic], containing a green, leafy substance" that was determined to be 2.14 grams of marijuana from between Bryant's buttocks. Bryant then told Detective Ferry that he "got it from the patrol car that transported him into the station." Bryant had not been read his *Miranda* rights at the time of the search. Detective Ferry also recovered the $130 of buy money from Bryant's pants. Police identified "Prophet" as Bryant, and he was eventually released.

On September 7, 2010, police again fitted the CI with an audio-visual recorder, provided him with $200 in buy money, and again instructed him to arrange a drug deal with Bryant. The CI telephoned Bryant and told him that he wanted to purchase one gram of heroin. When Bryant arrived at the CI's residence, the CI approached the vehicle and purchased $230 worth of heroin for $200 from Bryant. The CI returned to his residence and gave police officers the 0.93 grams of heroin he had just purchased. Police followed Bryant's vehicle as he drove away and arrested him inside a store in Hammond. The next day, the CI selected Bryant from a photo array and identified him as the person from whom he had purchased heroin on September 1 and 7, 2010. Eventually, the State charged Bryant with two counts of Class A felony dealing in a narcotic drug, Class A misdemeanor resisting law enforcement, Class A misdemeanor marijuana possession, and with being a habitual substance offender.

Following trial, a jury found Bryant guilty of two counts of Class A felony dealing in a narcotic drug, Class A misdemeanor resisting law enforcement, and Class A misdemeanor marijuana possession. Bryant admitted that he was a habitual substance offender. The trial court sentenced Bryant to forty-two years for each of his two dealing in a narcotic drug convictions, one year for resisting law enforcement, and one year for marijuana possession, and with being a habitual substance offender, all sentences to be served concurrently. The trial court enhanced Bryant's sentence three years by virtue of his habitual substance offender status.

*Id*. at 317-19 (alteration in original) (citations omitted). Bryant appealed his convictions and sentence, arguing *inter alia* that trial counsel rendered ineffective assistance in failing to challenge the constitutionality of the strip search. Specifically, Bryant contended the search was unreasonable under the

Indiana Constitution. We disagreed and affirmed his convictions and sentence. *Id*. at 317.

[3] On November 15, 2012, Bryant filed a petition for post-conviction relief and the post-conviction court appointed a State Public Defender to represent him. The State Public Defender later withdrew as counsel after consulting with Bryant and conducting an appropriate investigation into Bryant's claims. Nearly a year later, Bryant sought to withdraw his petition without prejudice, which the post-conviction court allowed.

[4] On May 7, 2014, Bryant filed a second petition for post-conviction relief, which the post-conviction court deemed an amendment and reactivation of Bryant's first petition. Bryant raised seventeen claims of ineffective assistance of trial counsel and seven claims of ineffective assistance of appellate counsel. Following a six-part evidentiary hearing conducted over a span of six months, the post-conviction court issued its findings of fact and conclusions thereon denying Bryant post-conviction relief. Bryant, pro se, now appeals.

# Discussion and Decision

## I. Standard of Review

[5] Post-conviction proceedings are not an opportunity for a super-appeal. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002). Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the

post-conviction rules. *Id.* If not raised on direct appeal, a claim of ineffective assistance of counsel is properly presented in a post-conviction proceeding. *Id.* A claim of ineffective assistance of appellate counsel is also an appropriate issue for post-conviction review. *Id.* The petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

[6] A petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). In reviewing the judgment of a post-conviction court, we may not reweigh the evidence nor reassess witness credibility; rather we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468-69 (Ind. 2006). We will affirm the post-conviction court's denial of post-conviction relief unless the evidence leads "unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Finally, we do not defer to the post-conviction court's legal conclusions, but do accept its factual findings unless they are clearly erroneous. *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied,* 540 U.S. 830 (2003).

## II.  Ineffective Assistance of Trial Counsel

[7] Bryant contends the post-conviction court erred in concluding his trial counsel was not ineffective. The State counters Bryant raised an ineffective assistance of trial counsel claim on direct appeal and is therefore barred from re-litigating the claim. We agree with the State.

"Although a defendant may present a claim of ineffective assistance of counsel on direct appeal, if he so chooses, the issue will be foreclosed from collateral review." *Rogers v. State*, 897 N.E.2d 955, 965 (Ind. Ct. App. 2008) (citing *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998)), *trans. denied*. On direct appeal, Bryant raised a claim of ineffective assistance of trial counsel. We therefore conclude Bryant is barred from re-litigating his claim of ineffective assistance of trial counsel in this post-conviction proceeding.

## III.  Ineffective Assistance of Appellate Counsel

Bryant also argues the post-conviction court erred in concluding his appellate counsel was not ineffective. Specifically, Bryant contends appellate counsel rendered ineffective assistance by failing to challenge the reasonableness of the strip search under the Fourth Amendment to the United States Constitution.[1] We disagree.

The standard for ineffective assistance of appellate counsel is the same standard as for trial counsel. *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013).

---

[1] In his petition for post-conviction relief, Bryant alleges several instances of ineffective assistance by his appellate counsel. In his ninety-two-page handwritten brief on appeal, he lists most, if not all, of those instances in the Table of Contents, the Statement of the Case, and the Summary of Argument. However, the only instance Bryant addresses in the Argument section of his brief is his contention appellate counsel failed to challenge the reasonableness of the strip search under the Fourth Amendment. Thus, to the extent Bryant intended to raise additional instances of alleged ineffective assistance by appellate counsel, we will not develop an argument on Bryant's behalf, *see Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012), *trans. denied*, and conclude those arguments are waived for failure to present a cogent argument, *see* Ind. Appellate Rule 46(A)(8).

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate to the post-conviction court that counsel performed deficiently and the deficiency resulted in prejudice. This standard asks whether, considering all the circumstances, counsel's actions were reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential. And even if appellate counsel's performance is deficient, to prevail, petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different. When evaluating a claimed deficiency in appellate representation due to an omission of an issue, a post-conviction court is properly deferential to appellate counsel's choice of issues for appeal unless such a decision was unquestionably unreasonable. Such deference is appropriate because the selection of issues for direct appeal is one of the most important strategic decisions of appellate counsel. Appellate counsel's performance, as to the selection and presentation of issues, will thus be presumed adequate unless found unquestionably unreasonable considering the information available in the trial record or otherwise known to the appellate counsel. In crafting an appeal, counsel must choose those issues which appear from the face of the record to be most availing. Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. Thus, to prevail in such claim in post-conviction proceedings, it is not enough to show that appellate counsel did not raise some potential issue; instead, the defendant must show that the issue was one which a reasonable attorney would have thought availing.

*Hampton v. State*, 961 N.E.2d 480, 491-92 (Ind. 2012) (citations, alterations, and internal quotation marks omitted).

At the outset, we acknowledge Bryant's appellate counsel only challenged the reasonableness of the strip search under the Indiana Constitution, not under the Fourth Amendment to the United States Constitution. However, in 2001, our supreme court in *Edwards v. State* held

> that routine, warrantless strip searches of misdemeanor arrestees, even when incident to lawful arrests, are impermissible under the Indiana Constitution *and the United States Constitution*, and that before jail officials may conduct warrantless strip searches of misdemeanor arrestees detained awaiting the posting of bond, those officials must have a reasonable suspicion that the arrestee is concealing weapons or contraband.

759 N.E.2d 626, 627-28 (Ind. 2001) (emphasis added). Thus, at the time of Bryant's direct appeal in 2011, our supreme court made clear both the state and federal analysis in determining the reasonableness of a warrantless strip search of a misdemeanor arrestee is the same and each requires law enforcement to have reasonable suspicion the arrestee is concealing weapons or contraband. *See id*. In light of the fact both analyses were the same and Bryant's appellate counsel challenged the search under the Indiana Constitution, we cannot say appellate counsel's decision to not challenge the search under the Fourth Amendment was "unquestionably unreasonable" nor can we see how Bryant suffered any prejudice. *See Hampton*, 961 N.E.2d at 491.

[12] In any event, we further emphasize Detective Ferry had knowledge of, and was investigating, Bryant's participation in dealing narcotics. When Detective Ferry initiated a traffic stop of Bryant shortly following a controlled buy, he observed

Bryant drive away slowly and veer to the right, an action Detective Ferry believed based on his experience indicated Bryant was attempting to conceal something. As we held in Bryant's direct appeal, such facts give rise to reasonable suspicion to justify a warrantless strip search under the Indiana Constitution. *See Bryant*, 959 N.E.2d at 320. Therefore, Bryant's claim would have also failed under the Fourth Amendment. We conclude appellate counsel did not render ineffective assistance by failing to challenge the search under the Fourth Amendment. *See Singleton v. State*, 889 N.E.2d 35, 41 (Ind. Ct. App. 2008) (noting appellate counsel does not render ineffective assistance for failing to raise issues that are unlikely to succeed), *trans. denied*.

# Conclusion

[13] The post-conviction court did not err in concluding Bryant is not entitled to post-conviction relief on his claims he received ineffective assistance of trial and appellate counsel. Accordingly, we affirm.

[14] Affirmed.

Kirsch, J., and Barnes, J., concur.